FILED

2008 APR -3 PM 2: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  SHAWN KHORRAMI, ESQ., SBN 180411
   BAHAR DEJBAN, ESQ., SBN 240135
2  KHORRAMI POLLARD & ABIR, LLP
   444 South Flower Street, 33rd Floor
3  Los Angeles, CA 90071
   Telephone: (213) 596-6000
4  Facsimile:  (213) 596-6010

5  BRIAN KABATECK, ESQ., SBN 152054
   RICHARD KELLNER, ESQ., SBN 171416
6  KABATECK BROWN KELLNER
   644 South Figueroa Street
7  Los Angeles, CA 90071
   Telephone: (213) 217-5000
8  Facsimile:  (213) 217-5010

9  Attorneys for Plaintiff

10

11        **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13                                    ) Case No. **CV08-02218** AHM (AGRx)
                                       )
14  SACHIKO WILLIAMS                   )
                                       )
15          Plaintiff                  ) **CLASS ACTION**
                                       )
16          v.                         ) **COMPLAINT FOR DAMAGES**
                                       ) **BASED ON:**
17  MERCK & CO., INC.,  and            )
    MCKESSON CORP.                     ) 1.  **NEGLIGENCE**
18                                     ) 2.  **STRICT PRODUCT**
            Defendants                 )     **LIABILITY - FAILURE TO**
19                                     )     **WARN**
                                       ) 3.  **STRICT PRODUCT**
20                                           **LIABILITY -**
                                             **MANUFACTURING AND**
21                                           **DESIGN DEFECT**
                                         4.  **BREACH OF EXPRESS**
22                                           **WARRANTY**
                                         5.  **BREACH OF IMPLIED**
23                                           **WARRANTY**
                                         6.  **FRAUDULENT**
24                                           **MISREPRESENTATION**

25

26                                       **DEMAND FOR JURY TRIAL**

27

28

                                    1

**COMPLAINT FOR DAMAGES**

1    Plaintiff, SACHIKO WILLIAMS, brings this action against Defendants and

2    alleges as follows:

3    **INTRODUCTION**

4    1.    Plaintiff Sachiko Williams consumed the prescription drug Fosamax®

5    , also known as Alendronate Sodium (hereinafter referred to as "Fosamax"), which

6    is manufactured and distributed by Defendants MERCK and MCKESSON.

7    Sachiko Williams developed, and will continue to suffer from, a serious health

8    condition as a result of her consumption of the drug.

9    2.    Defendant MERCK & CO. INC (hereinafter "MERCK") designed,

10   researched, manufactured, advertised, promoted, marketed sold and/or distributed

11   Fosamax. Furthermore, Defendant MERCK concealed its knowledge of Fosamax's

12   risks and trivialized the serious side effects of Fosamax from Plaintiff's physicians,

13   pharmacists, and the public in general.

14   3.    Defendant MCKESSON CORP ("hereinafter "MCKESSON") is a

15   corporation whose principle place of business is San Francisco, California.

16   MCKESSON distributed and sold Fosamax in and throughout the United States

17   including the State of California.

18   4.    As a result of Defendant's actions, Sachiko Williams has suffered and

19   will continue to suffer from a serious health condition.

20   **PARTIES**

21   5.    Plaintiff Sachiko Williams ("Ms. Williams") is a resident of Texas.

22   Ms. Williams consumed the Defendants' prescription drug Fosamax until she was

23   diagnosed with osteonectrosis of the jaw.

24   6.    Defendant MERCK, is, and at all times material to this action was, a

25   corporation organized, existing and doing business under and by virtue of the laws

26   of the State of New Jersey, with its principal office located at One Merck Drive,

27   Whitehouse Station, New Jersey.

28   7.    MERCK is, and at all times material to this action was, authorized to

2

**COMPLAINT FOR DAMAGES**

1 do business, and was engaged in, and continues to be engaged in, substantial
2 commerce and business throughout the United States including the States of Texas
3 and California.

4   8.   MERCK includes any and all parents, subsidiaries, affiliates,
5 divisions, franchises, partners, joint venturers and organizational units of any kind,
6 their predecessors, successors and assigns and their present officers, directors,
7 employees, agents, representatives and other persons acting on their behalf.

8   9.   Plaintiff is informed and believes, and based thereon alleges, that in
9 committing the acts alleged herein, each and every managing agent, agent,
10 representative and/or employee of the Defendant was working within the course
11 and scope of said agency, representation and/or employment with the knowledge,
12 consent, ratification and authorization of the Defendant and its directors, officers
13 and/or managing agents.

14   10.   At all times material to this action, Defendant MERCK designed,
15 researched, developed, tested, redeveloped, studied, investigated, manufactured,
16 created, sterilized, packaged, distributed, supplied, sold, placed into the stream of
17 commerce, labeled, described, marketed, advertised, promoted and purported to
18 warn or to inform users regarding the risks pertaining to, and assuaged concerns
19 about their pharmaceutical Fosamax.

20   11.   Defendant MCKESSON is, and at all times material to this action
21 was, a corporation organized, existing and doing business under and by virtue of
22 the laws of the State of Delaware, with its principal place of business in San
23 Francisco, California. MCKESSON is, and at all times material to this action was,
24 authorized to do business, and was engaged in, and continues to engage in,
25 substantial commerce and business in the States of Texas and California.

26   12.   Defendant MCKESSON includes any and all parents, subsidiaries,
27 affiliates, divisions, franchises, partners, joint venturers and organizational units of
28 any kind, their predecessors, successors and assigns and their present officers,

3
**COMPLAINT FOR DAMAGES**

1   directors, employees, agents, representatives and other persons acting on their

2   behalf.

3        13.    Plaintiff is informed and believes, and based thereon alleges, that in

4   committing the acts alleged herein, each and every managing agent, agent,

5   representative and/or employee of Defendant MCKESSON was working within the

6   course and scope of said agency, representation and/or employment with the

7   knowledge, consent, ratification and authorization of the Defendant and its

8   directors, officers and/or managing agents.

9        14.    At all times material to this action, Defendant MCKESSON packaged,

10  distributed, supplied, sold, placed into the stream of commerce, labeled, described,

11  marketed, advertised, promoted and purported to warn or to inform users regarding

12  the risks pertaining to, and assuaged concerns about the pharmaceutical Fosamax.

13       15.    Defendants placed Fosamax into the stream of commerce in the

14  United States without adequate testing and with no warning that consumption of

15  the drug carried with it a risk of causing osteonecrosis of the jaw.

16       **JURISDICTION AND VENUE**

17       16.    This court has subject matter jurisdiction over this matter pursuant to

18  28 U.S.C. 1332 (diversity of citizenship). The matter in controversy in this civil

19  action exceeds the sum of $75,000.00, exclusive of interest and costs and is

20  between citizens of different states.

21       17.    Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391 in

22  that the Defendants both reside in the State of California. A defendant is deemed to

23  reside in any judicial district where its contacts would be sufficient to subject it to

24  personal jurisdiction at the time the action is commenced. MCKESSON not only

25  has its principle place of business within the State of California, but has also

26  engaged in substantial amount of business in the State of California. MERCK has

27  designed, distributed, merchandised, advertised, supplied and sold to distributors,

28  physicians and hospitals their drug Fosamax to be consumed within the State of

4

**COMPLAINT FOR DAMAGES**

California and as such, have had sufficient contacts to subject them to personal jurisdiction at the time the action is commenced.

### GENERAL ALLEGATIONS APPLICABLE
### TO ALL CAUSES OF ACTION

18.     The pharmaceutical drug at issue in this litigation is "Fosamax", a brand name for the drug's primary component Alendronate.

19.     Fosamax falls within a class of drugs known as bisphosphonates, which are used in the treatment of bone conditions such as osteoporosis and Paget's Disease. Other drugs within this class, such as Aredia and Zometa, are used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

20.     Bisphosphonate drugs are divided into nitrogenous bisphosphonates and non-nitrogenous bisphosphonates. The obvious difference between the two is that the nitrogenous one contains nitrogen while the latter does not. Fosamax is a type of nitrogenous bisphosphonate.

21.     The United States Food and Drug Administration ("FDA") approved Fosamax in September 1995 for the treatment of osteoporosis in women after menopause and Paget's Disease. Since, it has been approved for the prevention of osteoporosis in post-menopausal women, to increase bone mass in men with osteoporosis and to treat osteoporosis in men and women who are taking corticosteroids.

22.     Since its approval, it has become the most prescribed medicine worldwide for the treatment of postmenopausal, male and glucocorticoid-induced osteoporosis, with global sales reaching $3.2 billion in 2005 as indicated by Merck's 2005 Annual Report.

23.     Fosamax reverses bone loss by reducing the activity of the cells that cause bone loss, decreasing the faster rate of bone loss that occurs after menopause or with use of corticosteroid medications, and increasing the amount of bone in

**COMPLAINT FOR DAMAGES**

1   most patients.

2   24.   Despite these benefits, there have been reports that indicate the serious

3   risks associated with the consumption of Fosamax.  A number of studies have

4   shown that Fosamax has been linked with a type of bone disease known as

5   osteonecrosis of the jaw. Symptoms of this disease include localized pain in the

6   jaw, numbness, loosening of teeth, soft tissue infections and/or the exposure of

7   jawbone.

8   25.   Throughout the 1990's and 2000's, medical articles and studies

9   reported on the frequent occurrence of osteonecrosis of the jaw in patients being

10  treated with the nitrogenous bisphosphonates used for chemotherapy. MERCK

11  knew or should have known at this time that Fosamax, also a nitrogenous

12  bisphosphonate, would carry with it a similar risk of osteonecrosis of the jaw.

13  26.   MERCK knew or should have known that bisphosphonates, including

14  Fosamax, inhibit endothelial cell function. Similarly, MERCK knew or should

15  have known that bisphosphonates also inhibit vascularization of the affected area

16  and induce ischemic changes specific to patients' mandibles (lower jaws) and

17  maxillae (upper jaws) and that these ischemic changes appear to be cumulative in

18  nature.

19  27.   MERCK also knew or should have known that these factors combine

20  to create a compromised vascular supply in the affected area. As a result, a minor

21  injury or disease can turn into a non-healing wound. That in turn can progress to

22  widespread necrosis (bone death) and osteomyelitis (inflammation of bone

23  marrow).

24  28.   Osteonecrosis of the jaw is a condition in which the bone tissue in the

25  jaw fails to heal after minor trauma such as a tooth extraction, causing the bone to

26  be exposed.  The exposure can eventually lead to infection and fracture and may

27  require long term antibiotic therapy or surgery to remove the dying bone tissue.

28  Dentosts are now being advised by dental associations to refrain from using any

6

**COMPLAINT FOR DAMAGES**

invasive procedures (such as drilling a cavity) for any patient on Fosamax.

29. Once the osteonecrosis begins it is very difficult to treat and typically is not reversible. Regular monitoring of the condition by a medical professional is also required. It is a serious medical condition that can result in severe disability and death.

30. The risks of osteonecrosis associated with Fosamax use became clear shortly after MERCK began selling it, as reports of osteonecrosis and other dental complications among Fosamax users began to appear. Despite this knowledge, MERCK failed to further study the risk of osteonecrosis of the jaw relative to Fosamax and instead proposed further indications for their drug.

31. The FDA conducted a review of their adverse events database, specifically for the bisphosphonates Aredia, Zometa, Actonel and Fosamax, in August 2004 and observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy. Their review indicated that osteonecrosis of the jaw was a class effect which included the drug Fosamax. As a result, the FDA has recommended that labeling for Fosamax should be changed to specifically warn about the risk of osteonecrosis of the jaw.

32. The connection between Fosamax use and osteonecrosis of the jaw was also published in the Journal of Oral and Maxillofacial Surgeons and it prompted the FDA to issue a warning to medical professionals on September 24, 2004.

33. MERCK has refused to comply with the FDA's recommendation and, to this day, still does not warn of the risks of osteonecrosis of the jaw in their labeling.

34. Rather than warn patients, and despite the knowledge by Defendants about increased risk of osteonecrosis of the jaw in patients using Fosamax, Defendants continue to defend Fosamax, mislead physicians and the public, and minimize unfavorable findings.

**COMPLAINT FOR DAMAGES**

1   35.    Defendants knew of the significant risk of dental and oral

2   complications caused by the ingestion of Fosamax, but Defendants did not

3   adequately and sufficiently warn consumers, including Sachiko Williams, or the

4   medical community of such risks.

5   36.    As a direct result, Plaintiff Sachiko Williams was prescribed Fosamax

6   and has been permanently and severely injured as a result of her consumption of

7   Fosamax. Sachiko Williams will suffer life-long complications and in the future

8   will require ongoing medical care and treatment.

9   37.    Plaintiff Sachiko Williams was prescribed and began taking Fosamax

10  in 2003. Ms. Williams used Fosamax in a foreseeable manner.

11  38.    As a direct and proximate result of using Fosamax, Sachiko Williams

12  has suffered and will continue to suffer from severe osteonecrosis of the jaw.

13  39.    Plaintiff would not have used Fosamax had the Defendants properly

14  disclosed the risks associated with the drug. Alternatively, had Sachiko Williams

15  known the risks, she would have known what events could increase her risk of

16  osteonecrosis of the jaw and would have been able to avoid those situations.

17  40.    MERCK, through its affirmative misrepresentations and omissions,

18  actively concealed from Ms. Williams and her physicians the true and significant

19  risks associated with taking Fosamax.

20  41.    As a result of Defendants' actions, Ms. Williams and her prescribing

21  physicians were unaware, and could not have reasonably known or have learned

22  through reasonable diligence, that she had been exposed to the risks identified in

23  this complaint.

24  **FRAUDULENT CONCEALMENT**

25  42.    Any applicable statute of limitations have been tolled by the knowing

26  and active concealment and denial of facts as alleged herein by the Defendants.

27  The Plaintiff has been kept in ignorance of vital information essential to the pursuit

28  of these claims, without any fault or lack of diligence on their part. The Plaintiff

8

**COMPLAINT FOR DAMAGES**

could not have reasonably discovered the dangerous nature and unreasonable adverse side effects associated with Fosamax.

43. Defendants are and were under a continuing duty to disclose the true character, quality and nature of their drug to the Plaintiff. Because of their concealment of the true character, quality and nature of their antipsychotic medication, Defendants are estopped from relying on any statute of limitations defense.

## FIRST CAUSE OF ACTION
### *Negligence*
(Against Defendants MERCK and MCKESSON)

44. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

45. Defendants had a duty to exercise reasonable care in the manufacture, sale, research, development, inspection, labeling, promoting, marketing, and/or distribution of Fosamax into the stream of commerce, including a duty to assure that this drug did not cause users to suffer from unreasonable, dangerous side effects.

46. Defendants MERCK and MCKESSON failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control, marketing and/or distribution of Fosamax into interstate commerce, in that Defendants knew or should have known that using Fosamax created a high risk of unreasonable dangerous side effects, including but not limited to the risk of developing osteonecrosis of the jaw.

47. Defendants MERCK and MCKESSON breached their duty to Plaintiffs and were negligent in the licensing, testing, design, manufacture, packaging, warning, advertising, promotion, distribution, and sale of Fosamax in that Defendants:

        A. Failed to use ordinary care in designing and manufacturing the Fosamax so as to avoid the aforementioned risks to Plaintiffs;

9

**COMPLAINT FOR DAMAGES**

B.   Failed to accompany Fosamax with proper warnings regarding the possible adverse side effects associated with the use of those drugs and the comparative severity and duration of such adverse effects, i.e., the warnings given did not accurately reflect the symptoms, scope or severity of the side effects;

C.   Failed to conduct adequate pre-clinical testing and post-marketing surveillance to determine the safety and side effects of Fosamax;

D.   Failed to provide adequate training to medical care providers for appropriate use of Fosamax;

E.   Failed to warn Plaintiff, either directly or indirectly, orally or in writing, about the following:

(i)   The need for comprehensive, regular monitoring to ensure early discovery of potentially serious side effects like osteonecrosis of the jaw and

(ii)   The possibility of becoming injured, or permanently disabled as a result of using Fosamax.

F.   Failed to adequately test and/or warn about the serious side effects of Fosamax;

G.   Failed to include adequate warnings with Fosamax that would alert Plaintiffs, physicians, hospitals, and clinics, to the potential risks and the nature, scope, severity, and duration of any serious side effects of Fosamax;

H.   Continued to promote the efficacy and safety of Fosamax while providing little or no warnings, and downplaying any risks, even after Defendants knew of the risks of serious injury;

I.   Delayed warnings of, and then failed to provide adequate warnings about the serious injuries, which may have dissuaded

10

1  medical providers from prescribing Fosamax and deprived

2  medical providers from weighing the true risks against the

3  benefits of prescribing Fosamax; and

4      J.    Were otherwise careless or negligent.

5  48.    Despite the fact that Defendants knew or should have known that

6  Fosamax caused unreasonably dangerous side effects, Defendants continued and

7  are currently continuing to market, manufacture, distribute and/or sell Fosamax to

8  consumers, including Sachiko Williams and her doctors.

9  49.    Defendants knew or should have known that consumers, such as

10 Sachiko Williams, would suffer injury as a result of Defendants' failure to exercise

11 ordinary care as described above.

12 50.    Plaintiff is entitled to punitive damages because the Defendants'

13 failure to warn was reckless and without regard for the public's safety and welfare.

14 The Defendants misled both the medical community and the public at large,

15 including Plaintiffs, by making false representations about the safety of Fosamax.

16 The Defendants downplayed, understated, and disregarded their knowledge of the

17 serious and permanent side effects associated with the use of Fosamax despite

18 available information demonstrating that their products were likely to cause serious

19 and potentially fatal side effects to users like Ms. Williams.

20 51.    As a direct, proximate and legal result of the negligence, carelessness,

21 other wrongdoing and actions of the Defendants described herein, Sachiko

22 Williams was, and still is, caused to suffer severe and permanent injuries including

23 diminished enjoyment of life, osteonecrosis of the jaw and other permanent health

24 problems.

25 52.    Based upon information and belief, Defendants actually knew of

26 Fosamax's defective nature, as set forth herein, but continued, and still continue, to

27 design, manufacture, market and sell the drug so as to maximize sales and profits at

28 the expense fo the health and safety of the public, including the Plaintiff, in

11

**COMPLAINT FOR DAMAGES**

1    conscious disregard of the foreseeable harm caused by the drug.

2        53.    Defendants' conduct in the license, design, manufacturing, assembly,

3    packaging, warning, marketing, advertising, promotion, distribution and sale of,

4    including, but not limited to:

5                A.    Aggressively marketing and promoting Fosamax, knowing the

6                      high risks posed by failing to conduct sufficient pre-clinical and

7                      clinical testing and adequate post-marketing surveillance;

8                B.    Failing to provide complete literature, instructions, and training

9                      to healthcare professionals indicating the proper use of

10                     Fosamax, and the need for monitoring of patients while on it;

11               C.    Failing to include adequate warnings with Fosamax that would

12                     alert consumers, physicians, hospitals, clinics, and other users

13                     to the potential risks and the nature, scope, severity, and

14                     duration of any serious side effects of the drug, particularly, the

15                     risk of developing osteonecrosis of the jaw;

16               D.    Continuing to promote the efficacy and safety of the drug,

17                     while providing little or no warnings, and downplaying any

18                     risks, even after Defendants knew of the increased risks

19                     associated with use of Fosamax;

20               E.    Failing to warn of the dangerous side effects which may have

21                     dissuaded medical providers from prescribing Fosamax so

22                     freely, and depriving medical providers from weighing the true

23                     risks against the benefits of prescribing these drugs, was

24                     fraudulent, knowing misconduct, and/or conduct undertaken

25                     recklessly and with conscious disregard for the safety of

26                     consumers such as the Plaintiffs, such as to constitute

27                     despicable conduct, and oppression, fraud and malice, and such

28                     conduct was at all times relevant ratified by the corporate

12

**COMPLAINT FOR DAMAGES**

1   Defendants herein, thereby entitling Plaintiff punitive damages

2   in an amount appropriate to punish and set an example of

3   Defendants.

4   54.   As a result of MERCK and MCKESSON's conduct, Sachiko

5   Williams suffered injuries and damages herein.

6   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

7   them, as set forth herein below.

8   ### SECOND CAUSE OF ACTION
    *Strict Product Liability - Failure to Warn*
9   (Against Defendants MERCK and MCKESSON)

10  55.   Plaintiff incorporates by reference the allegations in all proceeding

11  paragraphs of this Complaint as though fully set forth in this paragraph.

12  56.   Defendants MERCK and MCKESSON are the manufacturer and/or

13  supplier of Fosamax.

14  57.   Fosamax manufactured and/or supplied by Defendants MERCK and

15  MCKESSON was unaccompanied by proper warnings regarding all possible side

16  effects associated with their use and the comparative severity, incidence, and

17  duration of such adverse effects, i.e., the warnings given did not accurately reflect

18  the signs, symptoms, incidence, scope or severity of the side effects.

19  58.   Defendants failed to perform adequate testing that would have shown

20  that Fosamax possessed serious potential side effects with respect to which full and

21  proper warnings accurately and fully reflecting symptoms, scope and severity

22  should have been made, both with respect to the use of this drug.

23  59.   Fosamax manufactured and/or supplied by Defendants was defective

24  due to inadequate post-marketing warnings or instructions because, after the

25  manufacturer knew or should have known of the risks of injury from Fosamax,

26  they failed to provide adequate warnings to users or consumers of the drug and

27  continued, and still continue, to aggressively promote Fosamax.

28  60.   As a direct, proximate and legal result of the negligence, carelessness,

13

**COMPLAINT FOR DAMAGES**

other wrongdoing and actions of Defendants described herein, Sachiko Williams has been injured as described above.

61.    Based upon information and belief, Defendants actually knew of the defective nature of Fosamax, as set forth herein, but continued, and still continue, to design, manufacture, market, sell and distribute Fosamax so as to maximize sales and profits at the expense of the health and safety of the public including Ms. Williams, in conscious disregard of the foreseeable harm caused by Fosamax.

62.    Defendants conduct in the license, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution, and sale of Fosamax, including, but not limited to:

A.    Aggressively marketing and promoting Fosamax, knowing the high risks posed by failing to conduct sufficient pre-clinical and clinical testing and adequate post-marketing surveillance;

B.    Failing to provide complete literature, instructions, and training to healthcare professionals indicating the proper use of Fosamax, and the need for monitoring patients while on it.

C.    Failing to include adequate warnings with Fosamax that would alert consumers, physicians, hospitals, clinics and other users to the potential risks and the nature, scope, severity, and duration of any serious side effects of the drug, particularly the risk of developing osteonecrosis of the jaw, as well as other severe permanent health problems;

D.    Continuing to promote the efficacy and safety of the drug, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the increased risks associated with Fosamax use;

E.    Failing to warn about the dangerous side effects, which may have dissuaded medical providers from prescribing Fosamax so

14

**COMPLAINT FOR DAMAGES**

freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the drug, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers, such as the Plaintiff, such as to constitute despicable conduct, fraud and malice, and such conduct was at all times relevant ratified by corporate Defendants herein, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendant.

63. Defendants' actions, as described above, were performed willfully, intentionally, and with reckless disregard for the rights of Ms. Williams and the public.

64. As a result of Defendants' conduct, Sachiko Wiliams has sustained injuries described above.

65. Accordingly, Ms. Williams seeks and is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, the Plaintiff prays for judgment against Defendants, and each of them, as set forth herein below.

### THIRD CAUSE OF ACTION
***Strict Product Liability - Manufacturing and Design Defect***
(Against Defendants MERCK and MCKESSON)

66. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

67. The Defendants manufactured, sold, distributed, marketed, and/or supplied Fosamax in a defective and unreasonably dangerous condition to consumers, including Plaintiff Sachiko Williams.

68. The Defendants manufactured, designed, sold, distributed, supplied, marketed, and/or promoted Fosamax, which was expected to reach and did in fact reach consumers, including Ms. Williams, without substantial change in the

15

COMPLAINT FOR DAMAGES

1    condition in which it was manufactured and sold.

2        69.    Sachiko Williams used Fosamax as prescribed and in a manner

3    normally intended, recommended, promoted and marketed by the Defendants.

4        70.    Fosamax failed to perform safely when used by ordinary consumers,

5    including Ms. Williams, even when it was used as intended and in a reasonably

6    foreseeable manner.

7        71.    Fosamax was defective in its design and was unreasonably dangerous

8    in that its unforeseeable risks exceeded the benefits associated with its design.

9        72.    Fosamax was defective in design in that it posed a greater likelihood

10   of injury than other similar medications and was more dangerous than an ordinary

11   consumer could reasonably foresee.

12       73.    Fosamax was defective in design in that neither bore nor was

13   packaged wit nor accompanied by warnings adequate to alert consumers, including

14   Sachiko Williams, of the risks described herein, including the risk of osteonecrosis

15   of the jaw.

16       74.    Although the Defendants knew or should have known of the defective

17   nature of Fosamax, they continued to design, manufacture, market, and sell

18   Fosamax so as to maximize sales and profits at the expense of the public health and

19   safety. By so acting, Defendants acted with conscious and deliberate disregard of

20   the foreseeable harm caused by Fosamax.

21       75.    Sachiko Williams could not, through the exercise of reasonable care,

22   have discovered Fosamax's defects.

23       76.    As a direct and proximate consequence of Defendants' conduct,

24   Plaintiff Sachiko Williams developed osteonecrosis of the jaw and requires, and

25   will require in the future, healthcare. In addition, Ms. Williams has incurred, and

26   will incur in the future, medical expenses as a result of her consumption of

27   Fosamax. Accordingly, Plaintiffs seek and are entitled to compensatory and

28   punitive damages in an amount to be determined at trial.

**COMPLAINT FOR DAMAGES**

1    WHEREFORE, the Plaintiff prays for judgment against Defendants, and

2   each of them, as set forth herein below.

3                    **FOURTH CAUSE OF ACTION**
                       *Breach of Express Warranty*
4              (Against Defendants MERCK and MCKESSON)

5    77.    Plaintiff incorporates by reference the allegations in all preceding

6   paragraphs of this Complaint as though fully set forth in this paragraph.

7    78.    Defendants, MERCK and MCKESSON, through description,

8   affirmation of fact, and promise relating to Fosamax, to the FDA, prescribing

9   physicians, and the general public, including Ms. Williams, expressly warranted

10  that Fosamax was safe and well accepted by users.

11   79.    Fosamax does not conform to these express representations because it

12  is not safe as its use produces serious adverse side effects including the risk of

13  developing osteonecrosis of the jaw, as well as other severe permanent health

14  problems.

15   80.    As such, Defendants' product was neither in conformity to the

16  promises, descriptions or affirmations of fact made about the drug nor adequately

17  contained, packaged, labeled or fit for the ordinary purposes for which such goods

18  are used.

19   81.    Defendant MERCK knew or should have known that, in fact, said

20  representations and warranties were false and misleading in that Fosamax was not

21  safe and/or fit for its intended use, and in fact resulted in serious injuries to the

22  user.

23   82.    Sachiko Williams relied on the express warranties of the Defendants

24  herein. Members of the medical community, including physicians, psychiatrists,

25  and other healthcare professionals, relied upon the representations and warranties

26  of the Defendants for use of Fosamax in prescribing, recommending, and/or

27  dispensing the product.

28   83.    Defendants thereafter breached their express warranties to the Plaintiff

17

**COMPLAINT FOR DAMAGES**

1 in violation of the applicable provisions of the Uniform Commercial Code in

2 California by: (i) manufacturing, marketing, packaging, labeling, and selling

3 Fosamax to the Plaintiff in such a way that misstated the risks of injury, without

4 warning or disclosure thereof by package and label of such risks to Plaintiff or

5 their prescribing physicians or pharmacists, or without so modifying or excluding

6 such express warranties; (ii) manufacturing, marketing, packaging, labeling, and

7 selling Fosamax to the Plaintiff, which failed to counteract their symptoms in a

8 safe and permanent manner and without injury; and (iii) manufacturing, marketing,

9 packaging, labeling, and selling Fosamax to the Plaintiff, thereby causing injury to

10 her.

11      84.     As a direct and proximate result of Defendants' conduct the Sachiko

12 Williams  was and still is caused to suffer severe and permanent injuries and

13 physical pain including diminished enjoyment of life, osteonecrosis of the jaw, as

14 well as other severe permanent health problems.

15      85.     Ms. Williams is to punitive damages because of Defendants' failure to

16 warn was reckless and without regard to their welfare. Defendants misled both the

17 medical community and the public at large, including the Plaintiff, by making false

18 representations about the safety of their product. Defendants downplayed,

19 understated, and disregarded their knowledge of the serious and permanent side

20 effects associated with the use of Fosamax, despite available information

21 demonstrating that it was likely to cause serious side effects to users.

22      WHEREFORE, the Plaintiff prays for judgment against Defendants, and

23 each of them, as set forth herein below.

24

**FIFTH CAUSE OF ACTION**
***Breach of Implied Warranty***

25

(Against Defendants MERCK and MCKESSON)

26      86.     Plaintiff incorporates by reference the allegations in all preceding

27 paragraphs of this Complaint as though fully set forth in this paragraph.

28      87.     At the time Defendants MERCK and MCKESSON marketed, sold,

18

**COMPLAINT FOR DAMAGES**

1  and distributed Fosamax, for use by the Plaintiff, Defendants knew of the use for

2  which Fosamax was intended and impliedly warranted the drug to be of

3  merchantable quality and safe and fit for its intended use.

4       88.    Defendants MERCK and MCKESSON impliedly represented and

5  warranted to the Plaintiff, healthcare professionals and the FDA that the Fosamax

6  it was supplying was safe and fit for ordinary use.

7       89.    Sachiko Williams and members of the medical community relied on

8  Defendants warranties that their product Fosamax was of merchantable quality and

9  safe and fit for its intended use.

10       90.    Contrary to such implied warranties, Fosamax was not of

11  merchantable quality or safe or fit for its intended use, because it was unreasonably

12  dangerous and unfit for the ordinary purposes for which it was used, as described

13  above.

14       91.    Defendant's conduct in the license, design, manufacturing, assembly,

15  packaging, warning, marketing, advertising, promotion, distribution, and sale of

16  Fosamax, including but not limited to:

17           A.    Marketing and promoting the product aggressively, knowing

18               the high risks posed by failing to conduct sufficient pre-clinical

19               and clinical testing and adequate post-market surveillance;

20           B.    Failing to provide complete literature, instructions, and training

21               to health care professionals indicating the proper use for

22               Fosamax, and the need for monitoring patients while on the

23               product;

24           C.    Failing to include adequate warnings with Fosamax that would

25               alert consumers, physicians, hospitals, clinics and other users of

26               the potential risks and the nature, scope, severity and duration

27               of any serious side effects of the drug, particularly, the risks of

28               osteonecrosis of the jaw as well as other severe permanent

**COMPLAINT FOR DAMAGES**

health problems;

D.    Continuing to promote the efficacy and safety of Fosamax, while providing little or no warnings, and downplaying any risks, even after the Defendants knew of the increased risks associated with use of their product.

E.    Failing to warn of the dangerous side effects which may have dissuaded medical providers from prescribing Fosamax so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the product, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers like Ms. Williams, such as to constitute despicable conduct, oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate Defendants herein, thereby entitling the Plaintiff punitive damages in an amount appropriate to punish and set an example of the Defendants.

92.    As a direct, proximate and legal result of Defendants' negligence, carelessness and other wrongdoing described herein, Sachiko Williams has sustained severe injuries as described above.

93.    Based upon information and belief, Defendants actually knew of Fosamax's defective nature, as set forth herein, but continued to design, manufacture, market, and sell Fosamax to maximize sales and profits at the expense of the health and safety of the public, including Ms. Williams in conscious disregard of the foreseeable harm caused by the drug.

WHEREFORE, the Plaintiff prays for judgment against Defendants, and each of them, as set forth herein below.

## **SIXTH CAUSE OF ACTION**

**COMPLAINT FOR DAMAGES**

### *Fraudulent Misrepresentation*
(Against Defendants MERCK and MCKESSON)

94.    Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

95.    Defendants MERCK and MCKESSON, having undertaken to prepare, design, research, develop, manufacture, inspect, label, market, promote, and sell Fosamax, owed a duty to Plaintiffs and the medical community to provide them accurate and complete information regarding these products.

96.    The Defendants' advertising program, by containing affirmative misrepresentations and omissions, falsely and deceptively sought to create the image and impression that the use of Fosamax was safe, had no unacceptable side effects, and would not interfere with daily life.

97.    On information and belief, Plaintiffs aver that Defendants failed to disclose, misstated, downplayed, and understated the health hazards and risks associated with the use Fosamax. Defendants deceived potential users and prescribers of the drug by relaying only allegedly positive information, while concealing, misstating and downplaying the known adverse and serious health effects.

98.    Defendants knew or should have known that Fosamax had been insufficiently tested and that it lacked necessary warnings. Defendants were or should have been in possession of evidence demonstrating that their product created a high risk of unreasonable, dangerous side effects, including osteonecrosis of the jaw, as well as other severe permanent health problems. Nonetheless, Defendants willfully, wantonly, and recklessly disregarded their obligation to provide truthful representations regarding the safety and risk of Fosamax to consumers, including Sachiko Williams, and the medical community.

99.    The Defendants' misrepresentations were made with the intent of defrauding and deceiving Ms. Williams, other consumers, and the medical

**COMPLAINT FOR DAMAGES**

community to encourage the sale fo Fosamax. Ms. Williams and her doctors justifiably relied to her detriment upon Defendants' positive misrepresentations concerning Fosamax.

100.   As a result of Defendants' conduct, Sachiko Williams has sustained injuries as described above. Ms. Williams will continue to suffer and require future healthcare services. Ms. Williams has also incurred and will continue to incur substantial medical expenses as a result of her injuries sustained from her Fosamax use.  Accordingly, Plaintiffs seek and are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them , as set forth herein

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows for:

1.      Costs of suit incurred herein;

2.      Special damages according to proof;

3.      General damages according to proof;

4.      For exemplary and punitive damages according to proof;

4.      Prejudgment interest on these losses;

5.      For such other and further relief as the Court deems just.

**COMPLAINT FOR DAMAGES**

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in this action .

DATED: April 1, 2008            KHORRAMI POLLARD & ABIR, LLP


By: _____
            SHAWN KHORRAMI, ESQ.
            State Bar No.  180411
            KHORRAMI POLLARD & ABIR, LLP
            444 South Flower Street, 33rd Floor
            Los Angeles, CA 90071
            Telephone: (213) 596-6000
            Facsimile:   (213) 596-6010
            Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 2218 AHM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SACHIKO WILLIAMS

PLAINTIFF(S)

v.

MERCK & CO., INC., and MCKESSON CORP.

DEFENDANT(S).

CASE NUMBER

CV08-02218 AHM (AGRx)

**SUMMONS**

TO: DEFENDANT(S): <u>MERCK & CO., INC., and MCKESSON CORP.</u>

    A lawsuit has been filed against you.

    Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Khorrami Pollard & Abir LLP</u>, whose address is <u>444 S. Flower St., 33rd Floor, Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __APR - 3 2008__

By: _Victoria Bengoia_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| SACHIKO WILLIAMS | MERCK & CO., INC., and MCKESSON CORP. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Bexar, TX | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Hunterdon, NJ |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Bajar Dejban, Esq.<br>Khorrami Pollard & Abir LLP<br>444 S. Flower St., 33rd Floor<br>Los Angeles, CA 90071 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ over $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Product Liability

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities /Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | ☑ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | | □ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No □ Yes

If yes, list case number(s):

**CV08-02218**

FOR OFFICE USE ONLY: Case Number:

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

    Texas

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

    Merck & Co., Inc. - New Jersey

    McKesson Corp. - San Francisco County

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

    Texas

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date _____04/02/2008_____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

SHAWN KHORRAMI, ESQ., SBN 180411
BAHAR DEJBAN, ESQ., SBN 240135
KHORRAMI POLLARD & ABIR, LLP
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010

ATTORNEYS FOR   Plaintiff

**FILED**

**2008 APR -3  PM 2: 36**

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO WILLIAMS <br><br> Plaintiff(s), <br><br> v. <br><br> MERCK & CO., INC.,  and MCKESSON CORP. <br><br> Defendant(s) | CASE NUMBER <br><br> **CV08-02218  AHM (AGRx)** <br><br><br> **CERTIFICATION AND NOTICE <br> OF INTERESTED PARTIES** <br> (Local Rule 7.1-1) |

TO:      THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Plaintiff, Sachiko Williams
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary
interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible
disqualification or recusal.  (Use additional sheet if necessary.)

|              PARTY               |              CONNECTION              |
|----------------------------------|--------------------------------------|
| (List the names of all such parties and identify their connection and interest.) | Other than the above named parties, counsel for Plaintiff is unaware of any additional parites having a direct, pecuniary interest in the outcome of this case. |

04/02/2008
_____
Date

_____
Sign

Bahar Dejban, Esq.
_____
Attorney of record for or party appearing in pro per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO WILLIAMS,<br><br>                             PLAINTIFF(S)<br><br>         v.<br><br>MERCK & CO., INC., et al.<br><br>                       DEFENDANT(S). | **CASE NUMBER**<br><br>       CV 08-2218 AHM (AGRx)<br><br><br>**ORDER TO REASSIGN CASE DUE TO<br>SELF-RECUSAL PURSUANT TO<br>SECTION 3.2 OF GENERAL ORDER 07-02** |

The undersigned Judge, to whom the above-entitled case was assigned, is hereby of the opinion that he or she should not preside over said case, by reason of *(please use additional sheets if necessary)*:

Ownership of stock in defendant, Merck & Co., Inc.

IT IS HEREBY ORDERED that this case be reassigned by the Clerk in accordance with Section 3.2 of General Order 07-02.

This self-recusal has been Ordered:
        ☑ within 120 days of the Court being assigned said case.
        ☐ after 120 days of the Court being assigned said case.

April 4, 2008
Date

United States District Judge

---

### NOTICE TO COUNSEL FROM CLERK

This case has been reassigned to Judge   Florence-Marie Cooper  . On all documents subsequently filed in this case, please substitute the initials   FMC   after the case number in place of the initials of the prior Judge so that the case number will read:   CV 08-2218 FMC (AGRx)  .

This is very important because documents are routed to the assigned Judge by means of the initials.

The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the:
☐ Western   ☐ Southern   ☐ Eastern Division.

**Subsequent documents must be filed at the  ☑ Western  ☐ Southern  ☐ Eastern Division.**
**Failure to file at the proper location will result in your documents being returned to you.**

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:08-cv-02218-FMC-AGRx | Date | April 10, 2008 |
|----------|------------------------|------|----------------|
| Title | Sachiko Williams v. Merck & Co., Inc. et al | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | |
|------------------------|-----------------------|---|
| Alicia Mamer | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not present                                  Not present

**Proceedings:**     ORDER ON TRANSFER OF CASE TO JUDGE COOPER and ORDER re
JUDGE COOPER'S ELECTRONIC FILING PROCEDURES (In Chambers)

This action has been reassigned to the HONORABLE FLORENCE-MARIE COOPER, United States
District Judge.  Please substitute the initials FMC in place of the initials AHM .  The case number will
now read:  **2:08-cv-02218-FMC-AGRx** .  Henceforth, it is imperative that the initials FMC be used on
all documents to prevent any delays in processing of documents.

Judge Cooper's courtroom deputy clerk is Alicia Mamer and can be reached at (213) 894-1782.  Judge
Cooper's courtroom is located on the 7th floor of the Roybal Federal Building, Courtroom # 750.
**Additional information about Judge Cooper's procedures can be found on her website profile at
www.cacd.uscourts.gov.** The Court will entertain appearances by telephone for all status conferences,
scheduling conferences and oral argument on motions.  *If you wish to appear by telephone, you must:*

    (i)  notify the clerk at least two days in advance of **each appearance date**
    (ii)  provide the clerk with the telephone number at which the Court can reach you (land lines, only; no
cellular  phones)
    (iii) agree to be available at that number for up to one hour from the time of the scheduled appearance

Beginning January 1, 2008, counsel shall e-file all criminal and civil filings for JUDGE COOPER
pursuant to Federal Rules of Civil Procedure 5(d)(3), Local Rule 5-4, and General Orders 06-07, 08-03,
as follows:

    Step 1:  All non-signature items shall be E-FILED in pdf format.  All proposed signature items shall be
            E-FILED as an attachment to the main document in pdf format.

    Step 2:  All proposed signature items shall be E-MAILED to the chambers email address at

            fmc_(underscore)chambers@cacd.uscourts.gov

        in Word or Word Perfect format.  ONLY proposed signature items  should be emailed to the
        chambers' email address.  Please do NOT email other associated documents, and do NOT use this
        email address for communication with the Court or the Clerk.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-02218-FMC-AGRx | Date | April 10, 2008 |
|---|---|---|---|

| Title | Sachiko Williams v. Merck & Co., Inc. et al | | |

Step 3: A PAPER COURTESY COPY of all e-filed documents shall be delivered to the COURTESY DROP BOX OUTSIDE THE CLERK'S OFFICE IN THE ROYBAL FEDERAL BUILDING

(FIRST FLOOR, SUITE 181-L) within 24 hours or on the same day, if priority processing is being requested. All copies delivered to the courtesy bin shall have the notice of E-filing attached to the *back* of the document. DO NOT PLACE THESE IN ENVELOPES.

### FOR UNDER SEAL FILINGS

Process documents the traditional way (ORIGINAL PLUS ONE COPY OF EACH UNDER SEAL ITEM AND AN ENVELOPE FOR EACH ITEM, UNSEALED), but attach Notice of Manual Filing to the paper copies delivered to the clerk's courtesy bin. DO NOT SEND THESE DOCUMENTS TO THE CHAMBERS EMAIL ADDRESS.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

VENABLE LLP
DOUGLAS C. EMHOFF (Cal. Bar No. 151049)
JEFFREY M. TANZER (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
MERCK & CO., INC.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO WILLIAMS,<br><br>       Plaintiff,<br><br>  v.<br><br>MERCK & CO., INC., and<br>MCKESSON CORP.,<br><br>       Defendants. | Case No. CV08-02218-AHM (AGRx)<br><br>**DEFENDANT MERCK & CO., INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers those allegations of Plaintiff's Complaint ("Complaint") directed to it. To the extent the allegations of any paragraph are directed at defendants other than Merck, Merck is not required to respond to those allegations. To the extent a response is deemed necessary, Merck states that it denies all such allegations, except those that are specifically admitted below. Merck denies all allegations set forth in the Complaint directed at Merck except to the extent such allegations are specifically admitted below:

ANSWER TO COMPLAINT         1

**INTRODUCTION**

1.     Merck denies each and every allegation of the first sentence of Paragraph 1, except that Merck admits that it manufactured and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information, that McKesson distributed FOSAMAX® to certain pharmacies, hospitals and other medical facilities, and further states that it is without knowledge as to whether Plaintiff consumed FOSAMAX®.  Merck denies each and every allegation of the second sentence of Paragraph 1.

2.     Merck denies each and every allegation of Paragraph 2, except that Merck admits that it manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

3.     The allegations of Paragraph 3 are directed to a defendant other than Merck, and therefore Merck is not required to respond to those allegations.  To the extent a response is required, Merck denies each and every allegation of Paragraph 3, except that Merck admits that McKesson is a Delaware corporation with its principal place of business in San Francisco, California and that McKesson distributed FOSAMAX® to certain pharmacies, hospitals and other medical facilities.

4.     Merck denies each and every allegation of Paragraph 4.

**PARTIES**

5.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 5.  Merck denies each and every allegation of the second sentence of Paragraph 5, except that Merck states that it is without knowledge as to whether Plaintiff consumed FOSAMAX®.

6.     Merck denies each and every allegation of Paragraph 6, except that Merck admits that it is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at One Merck Drive, Whitehouse Station, New Jersey.

7.     Merck admits that it is registered to do business in the States of Texas and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  California.

2      8.    The allegations of Paragraph 8 are conclusions of law to which no

3  response is required.  To the extent a response is required, Merck denies the allegations

4  of Paragraph 8.

5      9.    The allegations of Paragraph 9 are conclusions of law to which no

6  response is required.  To the extent a response is required, Merck denies each and every

7  allegation of Paragraph 9.

8      10.    Merck denies each and every allegation of Paragraph 10, except that

9  Merck admits that it manufactured, marketed, and distributed the prescription medicine

10  FOSAMAX® for prescription in accordance with its approved prescribing information.

11      11.    The allegations of Paragraph 11 are directed to a defendant other than

12  Merck, and therefore Merck is not required to respond to those allegations.  To the

13  extent a response is required, Merck states that it is without knowledge or information

14  sufficient to form a belief as to those allegations, except that Merck admits that

15  McKesson is a Delaware corporation with its principal place of business in San

16  Francisco, California.

17      12.    The allegations of Paragraph 12 are conclusions of law and are directed to

18  a defendant other than Merck, and therefore Merck is not required to respond to those

19  allegations.  To the extent a response is required, Merck states that it is without

20  knowledge or information sufficient to form a belief as to the allegations of

21  Paragraph 12.

22      13.    The allegations of Paragraph 13 are directed to a defendant other than

23  Merck, and therefore Merck is not required to respond to those allegations.  To the

24  extent a response is required, Merck states that it is without knowledge or information

25  sufficient to form a belief as to those allegations.

26      14.    The allegations of Paragraph 14 are directed to a defendant other than

27  Merck, and therefore Merck is not required to respond to those allegations.  To the

28  extent a response is required, Merck denies each and every allegation of Paragraph 14,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

except that Merck admits that McKesson distributed FOSAMAX® to certain pharmacies, hospitals and other medical facilities.

15.    Merck denies each and every allegation of Paragraph 15.

## **JURISDICTION AND VENUE**

16.    The allegations of Paragraph 16 are conclusions of law to which no response is required.  To the extent that a response is required, Merck denies each and every allegation of Paragraph 16, except admits, for jurisdictional purposes only, that Plaintiff seeks in excess of $75,000.

17.    The allegations of Paragraph 17 state a legal conclusion to which no response is required.  To the extent a response is required, Merck denies each and every allegation of Paragraph 17.

## **GENERAL ALLEGATIONS APPLICABLE**
## **TO ALL CAUSES OF ACTION**

18.    Merck admits that Plaintiff purports to bring a proceeding involving FOSAMAX®, but denies that there is any legal or factual basis for same.  Merck respectfully refers the Court to the Physician's Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

19.    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 19 inconsistent with that prescribing information.  Merck respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.  Merck also refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 19 with respect to Aredia and Zometa inconsistent with that prescribing information.

20.    Merck admits only that some bisphosphonates contain nitrogen and some do not and that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 20 inconsistent with that prescribing information.  Merck

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1 respectfully refers the Court to the PDR for FOSAMAX® for its actual language and
2 full text.

3     21. Merck denies each and every allegation in Paragraph 21, except that Merck
4 admits that it sought and, in 1995, first obtained FDA approval to manufacture and
5 market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription
6 medication approved by the FDA for prescription in accordance with its approved
7 prescribing information. Merck denies any allegations in Paragraph 21 inconsistent
8 with that prescribing information.

9     22. Merck denies each and every allegation of Paragraph 22, except that
10 Merck admits that Fosamax product sales in 2005 amounted to approximately $3.19
11 billion.

12     23. Merck admits only that FOSAMAX® is a prescription medication
13 approved by the FDA for prescription in accordance with its approved prescribing
14 information and denies any allegations in Paragraph 23 inconsistent with that
15 prescribing information. Merck respectfully refers the Court to the PDR for
16 FOSAMAX® for its actual language and full text.

17     24. Merck denies each and every allegation of Paragraph 24.

18     25. Merck denies each and every allegation of Paragraph 25.

19     26. Merck denies each and every allegation of Paragraph 26.

20     27. Merck denies each and every allegation of Paragraph 27.

21     28. Merck denies each and every allegation of the first and second sentences of
22 Paragraph 28. Merck lacks knowledge or information sufficient to form a belief as to
23 the truth or falsity of the allegations of the third sentence of Paragraph 28.

24     29. Merck denies each and every allegation of Paragraph 29.

25     30. Merck denies each and every allegation of Paragraph 30.

26     31. Merck denies each and every allegation in Paragraph 31, except that Merck
27 admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully
28 refers the Court to said document for its actual language and full text.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

32. Merck denies each and every allegation of Paragraph 32, except that Merck admits that Ruggiero, et al., published an article entitled, "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases," <u>Journal of Oral and Maxillofacial Surgery</u>, vol. 62, p. 533 (2004) and respectfully refers the Court to said article for its actual language and full text.

33. Merck denies each and every allegation of Paragraph 33.

34. Merck denies each and every allegation of Paragraph 34.

35. Merck denies each and every allegation of Paragraph 35.

36. Merck denies each and every allegation of Paragraph 36.

37. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37.

38. Merck denies each and every allegation of Paragraph 38.

39. Merck denies each and every allegation of Paragraph 39.

40. Merck denies each and every allegation of Paragraph 40.

41. Merck denies each and every allegation of Paragraph 41.

### FRAUDULENT CONCEALMENT

42. Merck denies each and every allegation of Paragraph 42.

43. The allegations of the first sentence of Paragraph 43 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations of the first sentence of Paragraph 43 are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules. Merck denies each and every allegation of the second sentence of Paragraph 43.

### FIRST CAUSE OF ACTION
*Negligence*
*(Against Defendants MERCK and MCKESSON)*

44. Merck repleads its answers to Paragraphs 1 through and including 43, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

ANSWER TO COMPLAINT                6

45.     The allegations in Paragraph 45 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

46.     Merck denies each and every allegation of Paragraph 46.

47.     Merck denies each and every allegation of Paragraph 47, including each and every allegation contained in subparts (A) through (J).

48.     Merck denies each and every allegation of Paragraph 48.

49.     Merck denies each and every allegation of Paragraph 49.

50.     Merck denies each and every allegation of Paragraph 50.

51.     Merck denies each and every allegation of Paragraph 51.

52.     Merck denies each and every allegation of Paragraph 52.

53.     Merck denies each and every allegation of Paragraph 53, including each and every allegation contained in subparts (A) through (E).

54.     Merck denies each and every allegation of Paragraph 54.

### SECOND CAUSE OF ACTION
*Strict Product Liability – Failure to Warn*
*(Against Defendants MERCK and MCKESSON)*

55.     Merck repleads its answers to Paragraphs 1 through and including 54, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

56.     Merck denies each and every allegation of Paragraph 56, except that Merck admits that it manufactured and distributed the prescription medicine FOSAMAX for prescription in accordance with its approved prescribing information and that McKesson distributed FOSAMAX® to certain pharmacies, hospitals and other medical facilities.

57.     Merck denies each and every allegation of Paragraph 57.

58.     Merck denies each and every allegation of Paragraph 58.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

59. Merck denies each and every allegation of Paragraph 59.

60. Merck denies each and every allegation of Paragraph 60.

61. Merck denies each and every allegation of Paragraph 61.

62. Merck denies each and every allegation of Paragraph 62, including each and every allegation contained in subparts (A) through (E).

63. Merck denies each and every allegation of Paragraph 63.

64. Merck denies each and every allegation of Paragraph 64.

65. Merck denies each and every allegation of Paragraph 65.

### THIRD CAUSE OF ACTION
### *Strict Product Liability – Manufacturing and Design Defect*
### *(Against Defendants MERCK and MCKESSON)*

66. Merck repleads its answers to Paragraphs 1 through and including 65, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

67. Merck denies each and every allegation of Paragraph 67.

68. Merck denies each and every allegation of Paragraph 68, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information, that McKesson distributed FOSAMAX® to certain pharmacies, hospitals and other medical facilities, and further states that it is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges she consumed.

69. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69.

70. Merck denies each and every allegation of Paragraph 70.

71. Merck denies each and every allegation of Paragraph 71.

72. Merck denies each and every allegation of Paragraph 72.

73. Merck denies each and every allegation of Paragraph 73.

74. Merck denies each and every allegation of Paragraph 74.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

75. Merck denies each and every allegation of Paragraph 75.

76. Merck denies each and every allegation of Paragraph 76.

## FOURTH CAUSE OF ACTION
### *Breach of Express Warranty*
*(Against Defendants MERCK and MCKESSON)*

77. Merck repleads its answers to Paragraphs 1 through and including 76, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

78. To the extent that the allegations of Paragraph 78 are directed to Merck, Merck denies each and every allegation of Paragraph 78, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information. To the extent that the allegations of Paragraph 78 are directed to defendants other than Merck, Merck is not required to respond. To the extent that Merck is required to respond, Merck denies each and every allegation of Paragraph 78.

79. Merck denies each and every allegation of Paragraph 79.

80. Merck denies each and every allegation of Paragraph 80.

81. Merck denies each and every allegation of Paragraph 81.

82. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 82.

83. Merck denies each and every allegation of Paragraph 83, including each and every allegation contained in subparts (i) through (iii).

84. Merck denies each and every allegation of Paragraph 84.

85. Merck denies each and every allegation of Paragraph 85.

## FIFTH CAUSE OF ACTION
### *Breach of Implied Warranty*
*(Against Defendants MERCK and MCKESSON)*

86. Merck repleads its answers to Paragraphs 1 through and including 85, and

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

87.    Merck denies each and every allegation of Paragraph 87, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and that McKesson distributed FOSAMAX® to certain pharmacies, hospitals and other medical facilities.  Merck respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

88.    Merck denies each and every allegation of Paragraph 88, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

89.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89.

90.    Merck denies each and every allegation of Paragraph 90.

91.    Merck denies each and every allegation of Paragraph 91, including each and every allegation contained in subparts (A) through (E).

92.    Merck denies each and every allegation of Paragraph 92.

93.    Merck denies each and every allegation of Paragraph 93.

## SIXTH CAUSE OF ACTION
### *Fraudulent Misrepresentation*
*(Against Defendants MERCK and MCKESSON)*

94.    Merck repleads its answers to Paragraphs 1 through and including 93, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

ANSWER TO COMPLAINT                    10

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

95. The allegations in Paragraph 95 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

96. Merck denies each and every allegation of Paragraph 96.

97. Merck denies each and every allegation of Paragraph 97.

98. Merck denies each and every allegation of Paragraph 98.

99 Merck denies each and every allegation of Paragraph 99.

100. Merck denies each and every allegation of Paragraph 100.

## PRAYER FOR RELIEF

Merck denies that Plaintiff is entitled to any of the relief requested in her Global Prayer for Relief.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following additional defenses should be available to Merck in this matter. Merck, therefore, asserts said additional defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these additional defenses as it may deem appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have

reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the Constitution of the United States and the Constitutions of the States of California and Texas.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

### THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by this Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

### FORTIETH AFFIRMATIVE DEFENSE

If Plaintiff have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than answering defendant, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault. In the event of a finding of liability in favor of Plaintiff, a settlement, or a judgment against answering defendant, answering defendant requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company* and *America Motorcycle Association v. Superior Court.* Answering defendant also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The asymptomatic plaintiff lacks standing because they have suffered no damages and no injury-in-fact.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The substantive law of Texas applies to Plaintiff's claim.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiff's claims are barred under those sections.

**FIFTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater. Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:

(1)     is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award;

(2)     is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(3)     is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(4)     is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or

(5)     is not subject to judicial review on the basis of objective standards would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages violates the open courts provision of the Texas Constitution.

Dated:  May 13, 2008

VENABLE LLP
DOUGLAS C. EMHOFF
JEFFREY M. TANZER


By    /s/ -- Jeffrey M. Tanzer
    Jeffrey M. Tanzer
    Attorneys for Defendant
    Merck & Co., Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

# DEMAND FOR JURY TRIAL

Merck demands a trial by jury as to all issues so triable.


Dated:  May 13, 2008

                                        VENABLE LLP
                                        DOUGLAS C. EMHOFF
                                        JEFFREY M. TANZER


                               By___/s/ -- Jeffrey M. Tanzer_____
                                   Jeffrey M. Tanzer
                                   Attorneys for Defendant
                                   Merck & Co., Inc.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On May 13, 2008, I served the foregoing document(s) described as **DEFENDANT MERCK & CO., INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action addressed as follows:

SHAWN KHORRAMI, ESQ.               Attorneys for Plaintiff
BAHAR DEJBAN, ESQ.
KHORRAMI POLLARD & ABIR, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071

BRIAN KABATECK, ESQ.
RICHARD KELLNER, ESQ.
KABATECK BROWN KELLNER
644 S. Figueroa Street
Los Angeles, CA 90071

☒    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

       ☒    **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

Executed on May 13, 2008 at Los Angeles, California

☐    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    **(FEDERAL)**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

                       By /s/ -- Jeffrey M. Tanzer
                        Jeffrey M. Tanzer

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ANSWER TO COMPLAINT        23

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Douglas C. Emhoff, Esq. (SBN: 151049)
Jeffrey M. Tanzer, Esq. (SBN: 129437)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
310 229 9900
ATTORNEYS FOR: Defendant, MERCK & CO., INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SACHIKO WILLIAMS | CASE NUMBER |
|---|---|
| v. Plaintiff(s), | 2:08-CV-02218 AHM (AGRx) |
| MERCK & CO., INC., AND MCKESSON CORP. | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** (Local Rule 7.1-1) |
| Defendant(s) | |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Defendant, MERCK & CO., INC.
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.  (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| MERCK & CO., INC. | Defendant |
| MCKESSON CORP. | Defendant |
| SACHIKO WILLIAMS | Plaintiff |

May 13, 2008
Date

Sign
Jeffrey M. Tanzer, Esq.

Attorney of record for or party appearing in pro per
Defendant, MERCK & CO., INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On May 13, 2008, I served the foregoing document(s) described as **CERTIFICATION AN NOTICE OF INTERESTED PARTIES** on the interested parties in this action addressed as follows:

SHAWN KHORRAMI, ESQ.                    Attorneys for Plaintiff
BAHAR DEJBAN, ESQ.
KHORRAMI POLLARD & ABIR, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071

BRIAN KABATECK, ESQ.
RICHARD KELLNER, ESQ.
KABATECK BROWN KELLNER
644 S. Figueroa Street
Los Angeles, CA 90071

☒      By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

    ☒      **BY MAIL (CCP §1013(a)&(b))**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

Executed on May 13, 2008 at Los Angeles, California

☐      **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒      **(FEDERAL)**   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

                              By /s/ -- Jeffrey M. Tanzer
                               Jeffrey M. Tanzer

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ANSWER TO COMPLAINT                    1

1  VENABLE LLP
   DOUGLAS C. EMHOFF (Cal. Bar No. 151049)
2  JEFFREY M. TANZER (Cal. Bar No. 129437)
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067
   Telephone: (310) 229-9900
4  Facsimile: (310) 229-9901

5  Attorneys for Defendant
   MERCK & CO., INC.
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11
    SACHIKO WILLAMS,                   CASE NO. CV08-02218 AHM (AGRx)
12
              Plaintiff,               **DEFENDANT MERCK & CO., INC.'S**
13                                     **NOTICE OF RELATED CASES AND**
                                       **NOTICE OF PENDENCY OF OTHER**
14  vs.                                **PROCEEDINGS**
15
    MERCK & CO., INC., and MCKESSON    [Local Rules 83-1.3 and 83-1.4]
16  CORP.,
17
              DefendantS.
18

19

20         TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF

21  RECORD:

22         PLEASE TAKE NOTICE that, pursuant to Local Rule 83-1.3, Defendant Merck

23  & Co., Inc. ("Merck") hereby gives notice of 17 related cases in the United States

24  District Court for the Central District of California, entitled *Karen Johnson v. Merck &*

25  *Co., Inc.*, Case No. CV 06-5378 FMC (PJWx), *Edward A. Morris, et al. v. Merck &*

26  *Co., Inc. et al.*, Case No. CV 06-5587 FMC (PJWx), *Anne E. Clayton v. Merck & Co.,*

27  *Inc., et al.,* Case No. CV 06-6398 FMC (PJWx), *Valiente v. Merck & Co., Inc., et al.*,

28  Case No. CV 06-7027 FMC (PJWx), *Hammond v. Merck & Co., Inc.*, Case No. CV 06-

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

::ODMA\PCDOCS\LA1DOCS1\210290\1

7343 FMC (PJWx), *Ferraro, et al. v. Merck & Co., et al,*, No. CV 06-7733 (FMC) (PJWx), *Demsky, et al. v. Merck & Co., et al.*, No. CV 07-2839 (FMC) (PJWx), *Bujdoso, et al., v. Merck & Co., et al.,* Case No. CV 07-3490 (FMC) (PJWx), *Finch, et al., v. Merck & Co., et al.*, Case No. CV 07-3492 (FMC) (PJWx), *Horton, et al., v. Merck & Co., et al.,* Case No. CV 07-3493 (FMC) (PJWx), *Martin, et al., v. Merck & Co., et. al.*, Case No. CV 07-3495 (FMC) (PJWx), *Cecilia Smith, et al., v. Merck & Co., et al.*, Case No. CV 07-3497 (FMC) (PJWx), Evans*, et al., v. Merck & Co., et al.*, Case No. CV 07-4136 (FMC) (PJWx), *Goss, et al., v. Merck & Co., et al.*, Case No. CV 07-4172 (FMC) (PJWx), *Vasquez, et al., v. Merck & Co., et al.*, Case No. CV 07-4326 (FMC) (PJWx), *Moyer, et al., v. Merck & Co., et al.*, Case No. CV 07-4651 (FMC) (PJWx), and *Carrie Smith, et al., v. Merck & Co., et al.*, Case No. CV 07-4655 (FMC) PJWx).

These cases, like the above-captioned action, involve allegations regarding the prescription medication FOSAMAX® and will therefore call for the determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges. All 18 cases, including the above-captioned action, contain essentially the same allegations that certain injuries were caused by the prescription medication FOSAMAX®, and having all of these matters assigned to a single judge is appropriate.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 83-1.4, Merck hereby gives notice that the above-captioned case is the subject of or is related to Multidistrict Litigation that is pending in the United Stated District Court for the Southern District of New York, encaptioned <u>In re Fosamax Products Liability Litigation</u>, MDL-1789. On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order transferring 18 FOSAMAX® products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation,* MDL No. 1789. To date, the MDL Panel has

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

issued more than 47 Conditional Transfer Orders, at least 131 cases involving FOSAMAX® have been transferred to MDL-1789, and there are a total of at least 371 cases pending in the MDL, including cases filed directly in the Southern District of New York.

All of the cases identified in the first paragraph above, which were filed in this District and were assigned to and/or related to the Honorable Florence-Marie Cooper, have previously been transferred from this District to the MDL. [1]

Merck will seek the transfer of this action to MDL-1789, and will, in the next several days, provide the MDL Panel with notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

Dated:  May 13, 2008

                                        VENABLE LLP
                                        DOUGLAS C. EMHOFF
                                        JEFFREY M. TANZER


                                        By      /s/ -- Jeffrey M. Tanzer
                                            Jeffrey M. Tanzer
                                            Attorneys for Defendant
                                             Merck & Co., Inc.

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

---

[1] Pursuant to a stipulation of the parties, the case of *Johnson v. Merck* was dismissed without prejudice by Judge Keenan in the United States District Court for the Southern District of New York, after a transfer of that case to MDL No. 1789.

3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, #2100, Los Angeles, California 90067.

On May 13, 2008, I served the foregoing document(s) described as **DEFENDANT MERCK & CO., INC.'S NOTICE OF RELATED CASES AND NOTICE OF PENDENCY OF OTHER PROCEEDINGS** on the interested parties in this action addressed as follows:
SEE ATTACHED SERVICE LIST

☒ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

   ☐ **BY PERSONAL SERVICE (CCP §1011)**: I delivered such envelope(s) by hand to the addressee(s) as stated above.

   ☒ **BY MAIL (CCP §1013(a)&(b))**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

   ☐ **BY OVERNIGHT DELIVERY (CCP §1013(c)&(d))**: I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, #2100 Los Angeles, California, in the ordinary course of business.

Executed on May 13, 2008, at Los Angeles, California

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

/s/ -- Jeffrey M. Tanzer
Jeffrey M. Tanzer

**VENABLE LLP**
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

::ODMA\PCDOCS\LA1DOCS1\210290\1

# ATTACHED SERVICE LIST

SHAWN KHORRAMI, ESQ.                    *Attorneys for Plaintiff*
BAHAR DEJBAN, ESQ.
KHORRAMI POLLARD & ABIR, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071

BRIAN KABATECK, ESQ.
RICHARD KELLNER, ESQ.
KABATECK BROWN KELLNER
644 S. Figueroa Street
Los Angeles, CA 90071

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

MERCK'S NOTICE OF RELATED CASES
::ODMA\PCDOCS\LA1DOCS1\210290\1

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Anthony G. Brazil, Esq., SBN 84297
Wendi J. Frisch, Esq., SBN 211555
Morris Polich & Purdy LLP
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
(213) 891-9100
ATTORNEYS FOR:  Defendant McKesson Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SACHIKO WILLIAMS | CASE NUMBER |
|---|---|
| | 2:08-CV-02218 FMC (AGRx) |
| v.                                       Plaintiff(s), | |
| MERCK & CO., INC., AND MCKESSON CORP. | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)** |
| Defendant(s) | |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Defendant McKesson Corporation
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

|          PARTY          |          CONNECTION          |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| MERCK & CO., INC. | Defendant |
| MCKESSON CORPORATION | Defendant |
| SACHIKO WILLIAMS | Plaintiff |

May 15, 2008
Date

Sign
Wendi J. Frisch

Attorney of record for or party appearing in pro per
Defendant McKesson Corporation

**ELECTRONIC PROOF OF SERVICE**

1

2     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen

3 (18) years and am not a party to the within action.

4     On May 15, 2008, pursuant to the Court's Electronic Filing System, I  Maria T. Escobedo

5     ☒    submitted an electronic version of the following document via file transfer protocol to ECF (Electronic Case Filing)

6     ☐    submitted a hard copy of the following document to ECF (Electronic Case Filing) by

7

8     ☐   facsimile         ☐   overnight delivery

9

10     **"CERTIFICATION AND NOTICE OF INTERESTED PARTIES"**

11

12

13 ☐ **STATE**  I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

14 ☒ **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose

15 direction the service was made

16     Executed on May 15, 2008, at Los Angeles, California.

17

18

19

20     *Maria T. Escobedo*

21     Maria T. Escobedo

22

23

24

25

26

27

28



inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY − 7 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

'08 CIV 4402

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 21 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
FILED
MAY 09 2008
S.D. OF N.Y.

JS-6

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION

Sachiko Williams v. Merck & Co., Inc., et al.,                    )
C.D. California, C.A. No. 2:08-2218 FMC (AGRx)  )

MDL No. 1789

## CONDITIONAL TRANSFER ORDER (CTO-53)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 123 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the action on this conditional transfer order involves questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

A CERTIFIED TRUE COPY

MAY − 7 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED COPY
J. MICHAEL McMAHON,                    **CLERK**

BY

DEPUTY CLERK

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk
C.D. OF CALIFORNIA

Date:     05/09/2008

In Re:    FOSAMAX PRODUCTS

MDL       06 MD 1789

Your Docket #                    S.D. OF N.Y.
2:08-2218                        08 CV 4402

Dear Sir:

     Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge KEENAN for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

     Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By: PHYLLIS ADAMIK
MDL Unit
(212) 805-0646



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

June 12, 2008

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

US District Court
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, NY 10007

Re:  MDL  1789            In Re:  FOSAMAX PRODUCTS LIABILITY LITIGATION

     Transfer of our Civil Case No.  2:08-CV-2218 FMC (AGRx)

     Case Title:  SACHIKO WILLIAMS v. MERCK & CO., INC., et al.,

Dear Sir/Madam:

     An order having been made by the Judicial Panel on Multi-district Litigation transferring/ remanding the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with a copy of the order and a certified copy of the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

                              Very truly yours,

                              Clerk, U.S. District Court


                         By  M. Guerrero
                              Deputy Clerk

cc:  *All counsel of record*
     *Clerk, MDL Panel*

===============================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and, if not already assigned, we have assigned this matter the following case number: _____.

                              Clerk, U.S. District Court


                         By _____
                              Deputy Clerk

CV-117 (5/00)              **TRANSMITTAL LETTER - MDL CASE TRANSFER OUT**